UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. P., et al., <br><br>        Plaintiffs, <br><br>    v. <br><br> HOLY NAMES UNIVERSITY, et al., <br><br>        Defendants. | Case No. 21-cv-03014-JST   (KAW) <br><br> **ORDER REGARDING DISCOVERY LETTER NO. 1** <br> Re: Dkt. No. 28 |

Plaintiffs M.P. and J.P. filed the instant case, alleging that Defendants discriminated against Plaintiff J.P. based on race and disability.  (Second Am. Compl. ("SAC") ¶¶ 8-9, Dkt. No. 33.)  Specifically, Plaintiff M.P. enrolled her child, Plaintiff J.P., at Raskob Day School and Learning Institute ("Raskob"), a school operated by Defendant Holy Names University ("HNU").  (SAC ¶¶ 5.)  Due to the COVID-19 pandemic, Raskob shuttered its doors and reduced its academic offerings by 70%, eliminating all but a few hours of instructional minutes.  (SAC ¶¶ 18-19.)  At the same time, Raskob teachers have charged Raskob students for in-person learning in learning pods during normal school hours.  (SAC ¶ 20.)  Plaintiffs allege, however, that Raskob teachers make race-driven selections for these learning pods, excluding Plaintiff J.P.  (SAC ¶ 39.)  Thus, Plaintiff J.P. is relegated to the subpar option of online learning.  (SAC. ¶¶ 21, 39.)  Raskob has continued charging tuition without providing adequate instruction, which Plaintiff M.P. contends is a breach of their contract.  (SAC ¶¶ 23-24, 57-58).

On January 11, 2022, the parties filed a joint discovery letter regarding Defendant HNU's interrogatories and requests for production ("RFPs").[1]  (Discovery Letter, Dkt. No. 28.)  The Court

---

[1] It appears that the parties' meet and confer was limited to an exchange of letters on November 30, 2021 and December 15, 2021.  (Discovery Letter at 1.)  This would not be sufficient to satisfy

deems this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b), and rules as follows.

### A.     Interrogatory No. 1

Interrogatory No. 1 asks Plaintiffs to identify persons with knowledge of facts supporting their claims for damages. (Discovery Letter at 2.) The interrogatory defines "identify" as including the person's full name, last known address, and phone number. (*Id.*) Defendant HNU contends that Plaintiff failed to provide addresses and phone numbers, as well as the full names of some individuals. (*Id.*) Defendant HNU also states that Plaintiff's response purported to include "all individuals named within these responses," without actually identifying these individuals. (*Id.*) Plaintiffs respond that they do not have access to the full names or addresses of each person they listed, but that they have listed current and former employees, parents, and students of Defendant HNU and Raskob. (*Id.*)

Plaintiffs cannot be ordered to provide information that they do not have. Plaintiffs, however, shall specifically list every person in its response to Interrogatory No. 1 and provide each person's affiliation and role, *i.e.*, if the person is a current or former Raskob employee, a parent, or a student. This will assist Defendant HNU in identifying the person in their own records. Plaintiffs shall also immediately inform Defendant HNU of the person's contact information when they obtain it.

### B.     Request for Production No. 16

RFP No. 16 seeks all documents identified by Plaintiffs in their initial disclosures. (Discovery Letter at 2-3.) Defendant HNU asserts that Plaintiffs have not produced all "[l]etters of Pluim to Raskob," while Plaintiffs respond that they have produced all letters of which it has control and possession. (*Id.* at 3.) Defendant HNU has not provided sufficient reason for the Court to doubt that Plaintiffs have provided all the letters that they have, and the Court cannot

---

the parties' meet and confer obligations per the undersigned's standing order. (*See* Westmore Standing Order ¶ 13.) Additionally, the letter does not comply with the format required by the undersigned. (*See* Westmore Standing Order ¶ 14(d).) Because this letter was filed before it was referred to the undersigned, the Court will resolve the discovery letter. Going forward, however, the parties must comply with the undersigned's standing order in full. Failure to do so may result in the Court summarily terminating the discovery letter.

compel Plaintiffs to produce documents that they neither have nor control.

Plaintiffs also appear to request Plaintiff J.P.'s educational file from Raskob. (Discovery Letter at 3.) The parties dispute whether Plaintiffs have requested this file. (*Id.*) In any case, to the extent Plaintiffs are making a discovery request in the discovery letter, the Court will not resolve this matter. Plaintiffs shall meet and confer with Defendants or issue a formal discovery request. The Court expects the parties to be able to resolve this matter on their own.

### C. Request for Production No. 18

RFP No. 18 seeks all communications between Plaintiffs and Raskob. (Discovery Letter at 3.) Defendant HNU asserts that Plaintiffs refused to produce responsive documents on the grounds that Raskob and Defendant HNU should also possess such documents. (*Id.*) In response, Plaintiffs do not appear to dispute that they must produce all responsive documents, regardless of whether Raskob and Defendant HNU already possess such documents. Instead, Plaintiffs assert that they have produced all responsive documents in their possession and control. (*Id.*) Thus, it is unclear what the Court can require Plaintiffs to further produce. To the extent Plaintiffs have not produced responsive documents on the grounds that Defendant HNU already possesses them, Plaintiffs must produce those documents.

### D. Request for Production Nos. 36, 37, 38

RFP Nos. 36, 37, and 38 seek communications between Plaintiffs and any person relating to Oakland Unified School District ("OUSD"), all communications between Plaintiffs and any person relating to a settlement agreement between Plaintiffs and OUSD, and all documents relating to a settlement agreement between Plaintiffs and OUSD. (Discovery Letter at 4.) It appears that there is an agreement where OUSD would pay Plaintiff J.P.'s tuition, which Defendant HNU asserts would go to Plaintiffs' damages.[2] (*Id.*) Defendant HNU states that Plaintiffs responded that they produced all responsive documents but contend that this is "completely untrue." (*Id.*)

---

[2] The parties dispute whether this settlement was the result of litigation or an administrative proceeding, but it is unclear how this distinction would affect whether the documents are discoverable or relevant to the instant lawsuit. (*See* Discovery Letter at 4.)

3

1    Plaintiffs admit that they refused to produce or confirm the existence of the settlement
2    agreement and believe that Defendant HNU is seeking confidential settlement negotiations that
3    may have occurred between the attorneys.  (Discovery Letter at 4.)  Plaintiffs further state that
4    they are unclear what is being sought, but that they have otherwise produced all documents they
5    have custody and control of based on what they "understand Raskob/HNU's request to be."  (*Id.* at
6    4-5.)  Finally, Plaintiffs state that if Defendant HNU is seeking something specific, Plaintiffs are
7    agreeable to conducting a search for those documents.

8    It appears that the parties have not adequately met and conferred on this issue, as Plaintiffs
9    profess to not understanding the discovery requests.  The discovery requests were not provided to
10   the Court, so the Court is unable to determine if the requests require further clarification.
11   Accordingly, the Court ORDERS the parties to meet and confer on this issue.  The meet and
12   confer must comply with the Court's standing order.  (*See* Westmore Standing Order ¶ 13.)  The
13   Court does note that to the extent Plaintiffs are refusing to produce settlement communications,
14   courts have found that "Rule 408 does not warrant protecting settlement negotiations from
15   discovery.  On its face the rule applies to the admissibility of evidence at trial, not whether
16   evidence is discoverable."  *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 584
17   (N.D. Cal. 2008); *see also Vondersaar v. Starbucks Corp.*, No. 13-80061 SI, 2013 U.S. Dist.
18   LEXIS 65842, at *7-8 (N.D. Cal. May 8, 2013) ("it is plain that Congress chose to promote this
19   goal in Rule 408 to promote settlements through limits on the *admissibility* of settlement material
20   rather than limits on their *discoverability*.  In fact, the Rule on its face contemplates that settlement
21   documents may be used for several purposes at trial, making it unlikely that Congress anticipated
22   that discovery into such documents would be impermissible") (quotation and modification
23   omitted).

### E.   Other Requests for Production

25   Defendant HNU seek production of responsive documents to RFP Nos. 2-6, 11-14, 20, 23,
26   24, 28, 32, and 33. (Discovery Letter at 5.)  Plaintiffs responded to these RFPs by stating that it
27   "does not have possession of responsive documents."  (*Id.*)  Defendant HNU asserts that this is not
28   adequate because Plaintiffs must produce all relevant documents within its "possession, custody,

4

or control." (*Id.*) Plaintiffs respond that they do not have control over documents which show Raskob teachers earned extra money to tutor students during school hours, and that other documents will need to be obtained through discovery.

"A party has control or custody of a document when it has the legal right to obtain the document, even though in fact it has no copy." *Loop AI Labs Inc. v. Gatti*, Case No. 15-cv-798-HSG (DMR), 2016 U.S. Dist. LEXIS 58820, at *11 (N.D. Cal. May 3, 2016). While Plaintiffs may not possess or have control over documents showing Raskob teachers earning extra money to tutor Raskob students, Defendant HNU has pointed to documents that Plaintiff should have or be able to obtain. These include communications between Plaintiffs and individuals listed in their initial disclosures as likely to have discoverable information, as well as communications between Plaintiffs and the California Office of Administrative Hearings. (Discovery Letter at 5.) Plaintiffs do not explain why they do not have possession of their own communications or lack the legal right to obtain such communications from, for example, the state agency. Accordingly, Plaintiffs shall produce any responsive documents it currently possesses within **ten days** of the date of this order, as well as start the process to obtain documents that it has the legal right to obtain within **ten days** of the date of this order.

This order disposes of Docket No. 28.

IT IS SO ORDERED.

Dated: January 27, 2022

KANDIS A. WESTMORE
United States Magistrate Judge

5