UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. P., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HOLY NAMES UNIVERSITY, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-03014-JST<br><br>**ORDER PROVIDING INDICATIVE RULING ON MOTION FOR APPROVAL OF MINOR'S COMPROMISE**<br><br>Re: ECF No. 100 |

　　　　Before the Court is Plaintiff J.P.'s motion for approval of minor's compromise. ECF No. 100. M.P., the guardian ad litem for minor J.P., filed this action in April 2021. ECF No. 1. The Court granted Defendants Holy Names University and Denise Saddler's motion for summary judgment on April 6, 2023. ECF No. 72.

　　　　On April 20, 2023, J.P. filed a notice of appeal of the Court's judgment. ECF No. 79. The same day, Defendants filed a motion for attorney's fees. ECF No. 80. On August 17, 2023, the parties filed a stipulation indicating that they had reached a settlement and requesting that the Court stay its decision on the motion for attorney's fees, ECF No. 98, which the Court granted on August 18, 2023, ECF No. 99.

　　　　J.P. filed the instant motion on September 21, 2023. ECF No. 100. Defendants do not oppose the motion. The motion states that the parties have reached a settlement agreement that "obligates Plaintiff to dismiss his appeal and not file additional claims in exchange for Defendant[s'] releasing claim to fees and costs." ECF No. 100 at 3.

　　　　As of the date of this order, the matter remains on appeal. *See M.P. v. Holy Names University*, No. 23-15584 (9th Cir.); *see also* ECF No. 101 (Ninth Circuit order noting that the appeal would "continue to be held in abeyance"). The Court therefore lacks jurisdiction to

consider the instant motion. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). However, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Here, the Court finds that the settlement serves the best interest of minor, J.P., and would therefore grant the motion if the Ninth Circuit remanded the action for that purpose.

Pursuant to Rule 62.1(b), J.P. shall "promptly notify the [Ninth Circuit] clerk under Federal Rule of Appellate Procedure 12.1" of the Court's indicative ruling. Fed. R. Civ. P. 62.1(b). The Court may only rule on J.P.'s motion if the Ninth Circuit "remands [the action] for that purpose." Fed. R. Civ. P. 62.1(c).

**IT IS SO ORDERED.**

Dated: October 23, 2023



_____
JON S. TIGAR
United States District Judge

2