UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. P., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>HOLY NAMES UNIVERSITY, et al.,<br><br>    Defendants. | Case No. 21-cv-03014-JST<br><br>**ORDER GRANTING MOTION FOR APPROVAL OF MINOR'S COMPROMISE**<br><br>Re: ECF No. 100 |

M.P., as guardian ad litem for minor J.P., brings this motion for approval of a minor's compromise. ECF No. 100. The Court will grant the motion.

## I.    BACKGROUND

Plaintiff asserted claims for (1) race-based discrimination in violation of Title VI of the Civil Rights Act of 1964 and California's Unruh Civil Rights Act ("Unruh Act"); (2) disability-based discrimination in violation of Title III of the ADA and the Unruh Act; and (3) breach of contract against Defendants in his Fourth Amended Complaint. ECF No. 33 ¶¶ 37–58. On April 6, 2023, this Court granted summary judgment in favor of Defendants. ECF No. 72. Plaintiff appealed the summary judgment order on April 20, 2023. ECF No. 79. The same day, Defendants filed a motion for attorney's fees. ECF No. 80. On August 17, 2023, the parties filed a stipulation indicating that they had reached a settlement and requesting that the Court stay its decision on the motion for attorney's fees, ECF No. 98, which the Court granted on August 18, 2023, ECF No. 99.

J.P. filed this motion for approval of a minor's compromise on September 21, 2023, informing the Court that the parties had reached a settlement by which J.P. released his claims against Defendants in exchange for Defendants' release of their claims for attorney's fees and

1  costs. ECF No. 100. This Court lacked jurisdiction to decide the motion while J.P.'s appeal was
2  pending at the Ninth Circuit absent a limited remand from the Ninth Circuit for that purpose. *See*
3  ECF No. 102. The Court issued an indicative ruling stating that it intended to approve the
4  compromise if the Ninth Circuit issued such a remand. *Id.* at 2.

5  On January 9, 2024, the Ninth Circuit remanded the case to permit this Court to resolve the
6  motion for approval of a minor's compromise. ECF No. 103-1. Pursuant to the Court's order, the
7  parties have also lodged a copy of the complete signed settlement agreement with the Court. *See*
8  ECF No. 104.

## II.   JURISDICTION

The Court has jurisdiction over the Civil Rights Act and ADA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state-law claim under 28 U.S.C. § 1367.

## III.  LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). Where there is a settlement of federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1181–82 (citing *Dacanay*, 573 F.2d at 1078).

This case implicates both federal and state law claims, and the terms of the settlement are not claim-specific; accordingly, the Court applies *Robidoux* to evaluate the settlement of the minor's claims in this case. *Schaeffer v. Gregory Vill. Partners, L.P.*, 2015 WL 7454184, at *2

(N.D. Cal. Nov. 23, 2015) (citing *Frary v. Cnty. of Marin*, 2015 WL 3776402, at *2 (N.D. Cal. June 16, 2015; *Doe ex rel. Scott v. Gill*, 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012); *Bor v. PPC WSSC LLC*, 2012 WL 1438779, at *2 n.1 (N.D. Cal. Apr. 25, 2012)).

## IV. DISCUSSION

The Court finds that this settlement serves the best interest of J.P. given the facts of the case and the minor's claims against the Defendants. Defendants prevailed on summary judgment, ECF No. 72, and have filed a motion for attorney's fees and costs against J.P., ECF No. 80, which this settlement will terminate, *see* ECF No. 100. Considering the facts of the case, the claims involving J.P., and the proposed settlement, the Court approves the proposed compromise of J.P.'s claims as fair and reasonable. Defendants' motion for attorney's fees, ECF No. 80, shall be terminated as moot, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 1, 2024



JON S. TIGAR
United States District Judge

3